841 F.2d 1127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant, Plaintiff-Appellee,
v.
James E. GRAY and Charles J. McNally, Defendants-Appellees,
Defendants-Appellants.
 Nos. 84-5033, 84-5400 and 5401.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1988.
 
 1
 Before NATHANIEL R. JONES and KRUPANSKY, Circuit Judges, and NEESE, Senior (retired District) Judge.*
 
 ORDER ON REMAND
 
 2
 The instant case is before this court on remand from the United States Supreme Court. United States v. Gray, 790 F.2d 1290 (6th Cir.1986), rev'd sub nom. McNally v. United States, 483 U.S. ---, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). In Gray, this court had affirmed the convictions of the defendants, James E. Gray and Charles J. McNally, for one count of aiding and abetting in the use of the mails to defraud the people of the Commonwealth of Kentucky in violation of 18 U.S.C.A. Secs. 2 and 1341, and for one count of conspiring to devise a scheme to defraud the United States in violation of 18 U.S.C.A. Sec. 371. United States v. Gray, 790 F.2d 1290 (6th Cir.1986). The Supreme Court held that a conviction under Sec. 1341 could not be based upon a theory of deprivation of the public's intangible right to honest government, but only upon a deprivation of a specific property interest. The Court reversed the defendants' convictions on both counts,[1] remanding the case to this court for further proceedings. McNally, 483 U.S. at ----, 107 S.Ct. at 2881-82.
 
 
 3
 Pursuant to the Supreme Court's mandate, it is ordered that this case is hereupon REMANDED to the district court for further proceedings consistent with the Supreme Court's disposition.
 
 
 
 *
 The Honorable C.G. Neese, Retired Senior Judge, United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 The conspiracy count was predicated upon the underlying violation of Sec. 1341, the mail fraud statute. The government had conceded in it brief before the Supreme Court that if the substantive convictions under the mail fraud statute were reversed, the convictions under the conspiracy statute should also be reversed. McNally, 483 U.S. at ---, 107 S.Ct. at 2882